THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>JOSHUA DODGE,<br><br>                Defendant. | CASE NO. CR16-0183-JCC<br><br>ORDER |

       This matter comes before the Court on Defendant's motion for early termination of supervised release. (Dkt. No. 11.) Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

       In 2013, Defendant pleaded guilty to Possession of Child Pornography. *See United States v. Dodge,* Case No. CR13-0011-GMN, Dkt. Nos. 8, 21, 22, 32 (Nev. 2013). The Honorable Gloria M. Navarro, United States District Judge for the District of Nevada, sentenced him to 30 months of confinement and fifteen years of supervised release. *Id.* at Dkt. No. 34. In August 2016, Defendant was released from prison, and, shortly thereafter, his supervision was transferred to this District. *Id.* at Dkt. No. 45.

       Defendant's term of supervised release is scheduled to end May 15, 2031. (Dkt. Nos. 11 at 2, 15 at 1.) He now moves for early termination, citing his performance on supervision and personal history and characteristics as a basis for his request. (Dkt. No. 11 at 2–4.) This District's

ORDER
CR16-0183-JCC
PAGE - 1

1  United States Attorney opposes, citing the nature and circumstances of the underlying offense.
2  (*See* Dkt. Nos. 15 at 2.) Roger Yang, the Assistant United States Attorney for the District of
3  Nevada, who prosecuted the case, ***does not*** oppose early termination. (*See* Dkt. No. 15 at 2.)

4      The Court may terminate a term of supervised release after the completion of one year "if
5  it is satisfied that such action is warranted by the conduct of the defendant released and the
6  interest of justice." 18 U.S.C. § 3583(e)(1). In deciding whether early termination is appropriate,
7  the Court must consider several factors, including the nature and circumstances of the offense,
8  the history and characteristics of the defendant, the need to deter criminal conduct and protect the
9  public from further crimes, to provide the defendant with correctional treatment in the most
10 effective manner, and the need to avoid disparity among similarly situated defendants. 18 U.S.C.
11 § 3583(e) (citing to factors listed by 18 U.S.C. § 3553(a)); *see United States v. Emmett*, 749 F.3d
12 817, 820 (9th Cir. 2014). To note, early termination is not reserved for the most exceptional
13 circumstances; the Court has wide latitude to terminate if a defendant's conduct warrants doing
14 so, if in the interests of justice. *See United States v. Ponce*, 22 F.4th 1045, 1047 (9th Cir. 2022).

15     Based on the factors described above, early termination is warranted here. Defendant's
16 prosocial behavior while on supervised release is noteworthy. (*See generally* Dkt. Nos. 11, 15.)
17 He has maintained healthy relationships with his family, including the mother of his son, who
18 supports early termination. (*See* Dkt. No. 11 at 2.)[1] He provides monthly financial support for his
19 son and, despite supervision's travel restrictions, manages to coordinate regular visits with him.
20 (*Id.* at 3.) In addition, Defendant has found success and become a leader at his place of
21 employment. (*See id.*)[2] Finally, as required by the terms of his release, Defendant has completed
22 sex offender treatment and mental health therapy. (*Id.* at 2.) And his treatment provider's report
23 supports a conclusion that he does not pose a threat to himself or the community, that no further
24 correctional treatment is needed, and that continued supervision would not deter future criminal

---

[1] Particularly persuasive is her letter to the Court (Dkt. No. 11-4).

[2] Also persuasive is the character reference provided by Defendant's supervisor (Dkt. No. 11-3).

ORDER
CR16-0183-JCC
PAGE - 2

conduct. (*See* Dkt. No. 11-1 (stating in 2020 that Defendant "ha[d] been in the 'maintenance' phase of his treatment for some time now."))

In the Court's view, the nature and circumstances of the underlying offense do not outweigh, let alone neutralize, all remaining factors, which weigh in favor of early termination.[3] Therefore, the Court FINDS that Defendant's conduct and the particularized circumstances warrant early termination, which is in the interests of justice.

Accordingly, Defendant's motion for early termination of supervised release (Dkt. No. 11) is GRANTED.

DATED this 31st day of March 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] Moreover, Defendant's letter to the Court expresses not only a genuine remorse, but clear growth, suggesting his risk of recidivism is negligible and, as such, continued supervision would serve only a punitive interest. (*See* Dkt. No. 11-4.)